IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHMAEL BURK, *et al.*, : | |
|     Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-1005 |
| : | |
| DR. LITTLE, *et al.* : | |
|     Defendants. : | |

**MEMORANDUM**

**SÁNCHEZ, C.J.**                                                                                                    **APRIL 14, 2023**

Plaintiffs Ishmael Burk, George Pickett, and Caleb Hollenbach, convicted inmates housed at SCI Chester, have filed a *pro se* Complaint raising claims of deliberate indifference to their serious medical needs. Named as Defendants are ten individuals who are allegedly responsible for providing medical services at SCI Chester. Each Defendant is named in his or her official as well as individual capacity. The three Plaintiffs also seek leave to proceed *in forma pauperis*. For the following reasons, the Court will grant each Plaintiff leave to proceed *in forma pauperis* and dismiss the Complaint in part. Plaintiffs will be granted the option of proceeding only on the claims the Court determines are plausible, or filing an amended complaint.

**I.      FACTUAL ALLEGATIONS**[1]

    **A.      George Pickett**

Pickett asserts that he slipped and fell in the prison kitchen and suffered a lower back injury. (Compl. at 9.) He submitted sick call requests to Defendants Dr. Little, PA Nicholson,

---

[1] The facts set forth in this Memorandum are taken from the Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Ms. Favoloro, Ms. Ford, Ms. Mitchell, Ms. Gaskin, Ms. Farmer, and Ms. Hayliee, all of whom are allegedly medical personnel. (*Id.*) Pickett alleges that his sick calls were sent back to him, and he was never seen by medical. (*Id.*) He filed grievances over the lack of care for his lower back injury and wrote to Favoloro.[2] (*Id.*) He alleges that Favoloro "will not offer [him] medical treatment" and that he suffers from chronic back pain. (*Id.*)

### B.   Caleb Hollenbach

Hollenbach claims he suffers from a brain cyst that he asserts requires him to have an elevator pass, but "medical" has denied him medical treatment. (*Id.* at 9-10.) He has submitted several request slips for an elevator pass, but his sick call requests were returned to him. (*Id.* at 10.) Hollenbach also mentions that he has a "blown out" knee and has done everything in his power to get treatment from Defendants Little, Nicholson, Favoloro, Ford, Mitchell, Gaskin, Farmer, Hayliee and Ms. Minnis. (*Id.*) He sent request slips to Favoloro "who has not helped [him]." (*Id.* at 10-11.)

### C.   Ishmael Burk

Burk alleges he has been denied medical treatment and his requests for physical therapy for a back injury have been returned to him. (*Id.* at 11.) Defendants Little, Nicholson, Favoloro, Ford, Mitchell, Gaskin, Farmer, and Hayliee allegedly denied him any medical treatment because he filed a pending lawsuit. (*Id.*) He alleges he has been thrown out of the medical unit and denied treatment. (*Id.*) Burk wrote to Defendants Minnis and Favoloro, but neither would

---

[2] The Court does not understand any of the three Plaintiffs to be asserting constitutional claims based on the manner in which the grievances they filed were processed. That is because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*). Accordingly, any claim based on the handling of prison grievances would not be plausible.

investigate his problem. (*Id*.) He alleges that an unspecified Defendant "has threatened [him] due to the pending lawsuit telling [him] he would not make parole if [he] cannot go to medical due to [indecipherable] which is causing [him] to miss physical therapy." (*Id*.)

All three Plaintiffs seek money damages. (*Id*. at 13.)

## II.     STANDARD OF REVIEW

As Burk, Pickett, and Hollenbach each appear to be incapable of paying the filing fees to commence this action, the Court will grant them leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Burk, Pickett, and Hollenbach are proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

---

[3] Because the three Plaintiffs are prisoners, each of them must separately pay $350 in installments as a filing fee in this case as required by the Prison Litigation Reform Act.

3

**III.   DISCUSSION**

    **A.**   **Official Capacity Claims**

In drafting their Complaint, Burk, Pickett, and Hollenbach checked the boxes on the form they used indicating that they seek to name the Defendants in their individual and official capacities. Plaintiffs appear not to have understood the implication of checking the official capacity box. While it is unclear whether the named Defendants are employed by the Commonwealth of Pennsylvania at SCI Chester or by a private entity contractor that provides medical services at SCI Chester, the official capacity claims are not plausible.

To the extent any official capacity claim for money damages is asserted against an employee of the Commonwealth, the claim is not plausible. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.[4] *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

To the extent that claims are asserted against employees of the contract provider of medical services in their "official capacities," such claims are not cognizable because that contract provider is a private entity. *See Kreis v. Northampton Cnty. Prison*, No. 21-2360, 2022 WL 4236692, at *8 (E.D. Pa. Sept. 14, 2022) (stating that official capacity claims are

---

[4] However, state officials sued in their individual capacities are "persons" within the meaning of Section 1983. *See Hafer*, 502 U.S. at 31. Thus, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their individual capacities. *Id.*

4

"inapplicable to suits against private parties where the entity is also susceptible to suit") (citing *Owens v. Connections Cmty. Support Programs, Inc.,* 840 F.Supp.2d 791, 796 (D. Del. 2012) ("Generally, a suit against a [ ] public officer in his or her official capacity is used to compel that officer to take some official action [and that] concept . . . is inapplicable to suits against private parties where the entity is also susceptible to suit.")).  Even if official capacity suits against individuals who work for private companies are cognizable, the suit would, in effect, be one against the company for whom that individual works.  *See Kentucky v. Graham,* 473 U.S. 159, 105 (1985).  Since Burk, Pickett, and Hollenbach have not attempted to name that entity, the official capacity claims against employees of the medical services contractor at SCI Chester are dismissed.  *Accord Burk v. West*, No. 21-4968, 2021 WL 5758945, at *2 (E.D. Pa. Nov. 24, 2021) (holding that official capacity claims against employees of private employer were not cognizable because they are essentially claims against their private employer).

      B.     **Individual Capacity Medical Claims**

Each Plaintiff alleges that he was denied treatment for a medical issue at SCI Chester.  To state a constitutional claim under the Eighth Amendment based on the failure to provide medical treatment, a convicted prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[5]  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

---

[5] The standard under the Eighth Amendment for convicted prisoners and under the Fourteenth Amendment for claims of pretrial detainees is essentially the same for purposes of the analysis.  *See Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019); *Parkell v. Morgan*, 682 F. App'x 155, 159-60 (3d Cir. 2017) (*per curiam*).

5

inference." *Id.* at 837.  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).  Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).  Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

      Construing their allegations liberally, the Court will assume for purposes of statutory screening that each Plaintiff has alleged a serious medical need.  However, Plaintiff Burk fails to allege any involvement in a denial of medical treatment by Defendant Dr. Laurel R. Harry. Plaintiff Pickett fails to allege any personal involvement by Defendants Dr. Harry and Ms. Minnis, and Plaintiff Hollenbach fails to allege any personal involvement by Dr. Harry. Accordingly, these claims will be dismissed as not plausible.  The Court is prepared to serve the

balance of the individual capacity claims asserting deliberate indifference to a serious medical need for a responsive pleading.

### C. Burk's Retaliation Claim

Burk also asserts that Defendants Dr. Little, PA Nicholson, Ms. Favoloro, Ms. Ford, Ms. Mitchell, Ms. Gaskin, Ms. Farmer, and Ms. Hayliee denied him medical treatment because he filed a lawsuit. (Compl. at 11.) He also alleges that an unspecified Defendant "has threatened [him] due to the pending lawsuit telling [him] he would not make parole if [he] cannot go to medical due to [indecipherable] which is causing [him] to miss physical therapy." (*Id.*) The Court understands Burk to be asserting a First Amendment retaliation claim. For that type of claim to be plausible, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, 812 F. App'x 83, 86 (3d Cir. 2020) (*per curiam*). The Court is prepared to direct service of this claim for a responsive pleading.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Ishmael Burk's Eighth Amendment deliberate indifference against Defendant Dr. Laurel R. Harry; George Pickett's deliberate indifference claims against Defendants Dr. Harry and Ms. Minnis; and Caleb Hollenbach's deliberate indifference claims against Dr. Harry. The Court is prepared at this time to direct service of: (1) Burk's First Amendment retaliation claims against Defendants Dr. Little, PA Nicholson, Ms. Favoloro, Ms. Ford, Ms. Mitchell, Ms. Gaskin, Ms. Farmer, and Ms. Hayliee; (2)

Burk's medical indifference claims against Dr. Little, PA Nicholson, Ms. Favoloro, Ms. Ford, Ms. Mitchell, Ms. Gaskin, Ms. Farmer, and Ms. Hayliee; (3) Pickett's medical indifference claims against Defendants Dr. Little, PA Nicholson, Ms. Favoloro, Ms. Ford, Ms. Mitchell, Ms. Gaskin, Ms. Farmer, and Ms. Hayliee; and (4) Hollenbach's medical indifference claims against Defendants Dr. Little, PA Nicholson, Ms. Favoloro, Ms. Ford, Ms. Mitchell, Ms. Gaskin, Ms. Farmer, Ms. Hayliee, and Ms. Minnis.

An appropriate Order follows with further information about the Plaintiffs' option of filing an amended complaint or proceeding only on the claims in the original Complaint that the Court has determined pass statutory screening.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**