# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ISHMAEL BURK, et al.,** | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-1005** |
| | : | |
| **DR. LITTLE, et al.** | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 14th day of April, 2023, upon consideration of Plaintiff Ishmael Burk's Motion to Proceed *In Forma Pauperis* (ECF No. 1), and Prisoner Trust Fund Account Statement (ECF No. 4); Plaintiff George Pickett's Motion to Proceed *In Forma Pauperis* (ECF No. 9), and Prison Trust Fund Account Statement (ECF No. 10); Plaintiff Caleb Hollenbach's Motion to Proceed *In Forma Pauperis* (ECF No. 11), and Prison Trust Fund Account Statement (ECF No. 12); and their *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915 to Ishmael Burk, George Pickett, and Caleb Hollenbach.

2. Ishmael Burk, #NH-0208, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Chester or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Burk's inmate account; or (b) the average monthly balance in Burk's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Burk's inmate trust

fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Burk's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

       3.       George Pickett, #QN-3668, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Chester or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Pickett's inmate account; or (b) the average monthly balance in Pickett's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Pickett's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Pickett's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

       4.       Caleb Hollenbach, #QF-3084, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Chester or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Hollenbach's inmate account; or (b) the average monthly balance in Hollenbach's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a

reference to the docket number for this case. In each succeeding month when the amount in Hollenbach's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Hollenbach's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

5. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Chester.

6. The Complaint is **DEEMED** filed.

7. For the reasons stated in the Court's Memorandum, all official capacity claims are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

8. Ishamel Burk's claims against Defendant Dr. Laurel R. Harry; George Pickett's claims against Defendants Dr. Harry and Ms. Minnis; and Caleb Hollenbach's claims against Dr. Harry are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

9. The Clerk of Court is **DIRECTED** to send Burk, Pickett, and Hollenbach a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

10. The Plaintiffs are given thirty (30) days to file an amended complaint in the event they can allege additional facts to state plausible claims against the Defendants identified in Paragraph 7 of this Order. Any amended complaint shall identify all defendants in the caption of

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for each Plaintiffs' claims against each defendant, and shall bear the title "Amended Complaint" and the case number 23-1005.  If the Plaintiffs file an amended complaint, their amended complaint must be a complete document that includes all of the bases for each of their claims, including claims that the Court has not yet dismissed if they seek to proceed on those claims.  Claims that are not included in the amended complaint will not be considered part of this case.  When drafting the amended complaint, the Plaintiffs should be mindful of the Court's reasons for dismissing their claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

11.     If Burk, Pickett, and Hollenbach do not file an amended complaint, the Court will direct service of their initial Complaint on the remaining Defendants only as identified in the Court's Memorandum.  The Plaintiffs may also notify the Court that they seek to proceed on these claims only rather than file an amended complaint.  If they file such a notice, Burk, Pickett, and Hollenbach are reminded to include the case number for this case, 23-1005.

12.     The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                                                    **BY THE COURT:**

                                                    **/s/ Juan R. Sánchez**
                                                    **JUAN R. SÁNCHEZ, C.J.**