**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ISHMAEL BURK,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 23-CV-1005** |
| : | |
| **DR. LITTLE,** *et al.* : | |
| Defendants. : | |

**MEMORANDUM**

**SÁNCHEZ, C.J.**                                                                                                              **MAY 25, 2023**

In a prior Memorandum and Order, *see Burk, et al. v. Dr. Little*, No. 23-1005, 2023 WL 2955896 (E.D. Pa. April 14, 2023), the Court dismissed in part a jointly filed Complaint from Plaintiffs Ishmael Burk, George Pickett, and Caleb Hollenbach, each of whom is a convicted inmate housed at SCI Chester. The Plaintiffs were granted the option of proceeding only on the claims the Court determined were plausible, or filing an amended complaint. Ismael Burk has now returned with his own Amended Complaint ("AC") utilizing the Court's form complaint with additional handwritten pages.[1] (ECF No. 17.) For the following reasons, the AC will be dismissed with leave to file a second amended complaint.

---

[1] The three original co-plaintiffs opted to file their new pleadings separately rather than continue to proceed jointly. By Orders filed on May 1 and 4, 2023 (ECF Nos. 19, 20), the Court directed the Clerk of Court to sever the claims of co-plaintiffs Caleb Hollenbach and George Pickett into new civil actions so that each co-plaintiffs' case could proceed separately. Pickett's case, Civ. A. No. 23-1705, was assigned to the Hon. Gerald J. Pappert. Judge Pappert entered a screening memorandum and order on May 5, 2023 in that case dismissing certain claims with prejudice, dismissing other claims without prejudice, and permitting Pickett to file a amended complaint. (*See id.*, ECF Nos. 8, 9.)

After Judge Pappert entered his order, all three original Plaintiffs in this case filed motions asking the Court to "terminate" their separately filed amended complaints. Hollenbach's Motion (ECF No. 21) filed on May 11, 2023 asks the Court to "dismiss his Amended and to proceed on the original Complaint 23-cv-1005 [because he] wishes not to proceed with the order dated May 1st 2023" (ECF No. 19) that severed his case. Pickett's

I. **FACTUAL ALLEGATIONS**[2]

In the original Complaint, all three co-plaintiffs alleged they had been denied medical treatment while at SCI Chester. (Compl. (ECF No. 2)).) In his separate Amended Complaint,

---

Motion (ECF No. 23) filed on May 12, 2023 states he "wishes not to proceed with the order from the Judge on May 4th 2023" that severed his amended complaint and on which Judge Pappert has already ruled. Finally, in a Motion to Amend Complaint (ECF No. 22) signed by all three original Plaintiffs and filed on May 12, 2023, they state they wish to amend "to add new defendants and for second amended complaint to be dismissed with respect to a 3rd Amended Complaint." (*Id.* at 1.) All three Motions must be denied.

The Court understands Hollenbach and Pickett to be seeking reconsideration of the severance orders filed on May 1 and 4, 2023. Local rule 7.1(g) applies to interlocutory orders, including where cases are subject to statutory screening under 28 U.S.C. § 1915(e)(2)(B)(ii) resulting in only a partial dismissal of claims or a dismissal without prejudice and with leave to file an amended complaint. The Court may grant such relief where the following grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) ). The first two of these grounds is clearly not present.

There is also no need to correct a clear error of law or prevent a manifest injustice. The three Plaintiffs' separate amended complaints, once submitted to the Court, served as the governing pleading in each of their cases because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). Because of their decisions to file separate Amended Complaints, the Court was required to sever Hollenbach's and Pickett's cases and Pickett's Amended Complaint has already been adjudicated. Because there was no clear error of law or any manifest injustice caused by the severance order, the Plaintiffs' attempt to "undo" the severance order is denied.

[2] Unless otherwise provided, the facts set forth in this Memorandum are taken from Burk's Amended Complaint (ECF No. 17). The Court adopts the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

2

Burk names as Defendants SCI Chester, Well Path, and Well Path employees Dr. Little, Nicholson, Favoloro, Ford, Mitchell, Gaskin, Farmer, Hayliee, and Nurse Bellinger.[3]  (AC at 2-3, 12.)  Burk's allegations are sparse.  He alleges that "SCI Chester has created [an] atmosphere [where Burk] cannot submit a sick call," has denied him medical treatment, and threatened him with write-ups regarding his sick call requests.  (*Id*. at 13, 14.)  This has allegedly delayed Burk from getting medical treatment and has been "furthering injury."  (*Id*. at 13.)  He asserts that SCI Chester has "pressured [him] to not submit sick calls regarding job related injuries."  (*Id*. at 14.)  Well Path has allegedly denied him treatment, medicine and therapy for a knee injury, and hired the other Defendants who do not take his injuries seriously.  (*Id*. at 13, 14.)  He asserts that Well Path has covered up his injury and that this forced Burk to work in the prison kitchen.  (*Id*. at 13.)  He has also been threatened with write-ups if he does not report to work.  (*Id*.)  Burk alleges that Well Path does not properly train its employees to handle medical issues correctly.  (*Id*.)  Burk also alleges that Defendant Nurse Bellinger has denied him medical treatment, sick call slips and an elevator pass, and has covered up his medical treatment.  (*Id*. at 13, 14.)  He seeks money damages.  (*Id*. at 5.)

## II.    STANDARD OF REVIEW

Because Burk has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  The Court must determine whether the Amended Complaint contains "sufficient factual matter,

---

[3] Burk checked the boxes on the form portion of his AC indicating that he sought to name SCI Chester and Well Path in their official capacities, and Well Path employee Defendant Bellinger in her official and individual capacities.  He did not make a choice for the other Well Path employees he has named Defendants who are listed in the handwritten portion of the submission.  The Court will liberally construe the AC to have named all Well Path employee Defendants in their official and individual capacities since that is the choice Burk expressed for Defendant Bellinger.

3

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Burk is proceeding *pro se*, the Court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

### III. DISCUSSION

Burk asserts civil rights claims based on alleged deliberate indifference to his serious medical needs. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A. Claims Against SCI Chester

Burk asserts official capacity claims for money damages against SCI Chester. In the prior Memorandum, the Court explained to Burk that official capacity claims for money damages asserted against an employee or agency of the Commonwealth of Pennsylvania is actually a claim against the Commonwealth itself and is not plausible. *Burk*, 2023 WL 2955896, at *2. This is because the Eleventh Amendment bars suits against a state and its agencies in federal

4

court that seek monetary damages, *see Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003), and because the Commonwealth is not a "person" as that term is used in 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Accordingly, the claims against SCI Chester are dismissed with prejudice.[4]

### B.     Official Capacity Claims Against Well Path Employees

The Court also previously explained to Burk that, to the extent that claims are asserted against employees of the contract provider of medical services in their "official capacities," such claims are not cognizable because that contract provider is a private entity. *Burk*, 2023 WL 2955896, at *3 (citing *Kreis v. Northampton Cnty. Prison*, No. 21-2360, 2022 WL 4236692, at *8 (E.D. Pa. Sept. 14, 2022) (stating that official capacity claims are "inapplicable to suits against private parties where the entity is also susceptible to suit")). Rather, the suit would, in effect, be one against the company for whom that individual works. *Id.* (citing *Kentucky v. Graham,* 473 U.S. 159, 105 (1985)). Accordingly, the Court again dismisses all official capacity claims asserted against Well Path employees since Burk has named Well Path as a Defendant and any official capacity claims against its employees are merely duplicative of the direct claim against Well Path. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644

---

[4] Even if the "official capacity" box had not been checked on Burk's AC, his claim against SCI Chester could still not proceed. Since SCI Chester is a prison within Pennsylvania's Department of Corrections, it is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983 in any capacity. *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI–Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983.").

(7th Cir. 2015) ("The district court correctly dismissed these defendants in their official capacity because the Staneks also sued the District."); *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative."); *see also Graham*, 473 U.S. at 166 ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

### C. Individual Capacity Medical Claims

Burk alleges that he was denied treatment for a medical issue at SCI Chester. To state a constitutional claim under the Eighth Amendment based on the failure to provide medical treatment, a convicted prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists

where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

While Burk names numerous Well Path employees as Defendants, with the exception of Nurse Bellinger his factual allegations in the AC do not specify how any named Defendant was personally involved in refusing, delaying, or preventing him from receiving medical treatment. Indeed, other than Nurse Bellinger, no other Well Path employee is even mentioned in the body of the AC. He alleges only that "SCI Chester has created [an] atmosphere were [Burk] cannot submit a sick call," has denied him medical treatment, and threatened him with write-ups regarding his sick call requests, which allegedly delayed him from receiving treatment. (AC at 13, 14.) He also asserts that SCI Chester pressured him to not submit sick calls regarding job related injuries. (*Id.* at 14.) These allegations do not state a plausible deliberate indifference claim against any of the named Well Path employee Defendants. *Rode*, 845 F.2d at 1207.

Nurse Bellinger allegedly denied Burk unspecified medical treatment, sick call slips and an elevator pass, and has covered up his medical treatment. (AC at 13, 14.) These allegations lack any specificity, are conclusory and undeveloped, and thus fail to allege a plausible claim that Bellinger refused, delayed, or prevented Burk from receiving treatment. Burk does not

7

allege what serious medical need he had for which he sought treatment from Bellinger, or what treatment he was denied. Because a complaint's "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, cannot "nudge[ ] [a plaintiff's] claims across the line from conceivable to plausible," *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007), the claim against Bellinger also cannot proceed as pled. Accordingly, the individual capacity claims against all Well Path employees will be dismissed. However, because Burk yet may be able to assert plausible deliberate indifference claims, he will be permitted to file a second amended complaint to attempt to cure these defects by telling the Court the "who, what, where and how" details of his alleged deliberate indifference claims against the Well Path employees. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile").

Burk also alleges in conclusory fashion that Defendant Well Path denied him treatment, medicine, and therapy for a knee injury, hired the other Defendants who do not take his injuries seriously, and failed to properly train its employees. (AC at 13, 14.) He asserts that Well Path has covered up his injury and forced Burk to work in the prison kitchen. (*Id*. at 13.) He has also been threatened with write-ups if he does not report to work.[5] (*Id*.) Burk alleges that Well Path does not properly train its employees to handle medical issues correctly. (*Id*.)

---

[5] While he makes this specific threat allegation, Burk does not identify the person who made the threat. Notably, in the original Complaint Burk asserted that an unnamed Defendant threatened him due to his filing of another lawsuit. He has not included that claim in his AC and it is, accordingly, not part of the case. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) (stating that an amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading). Because of this rule, the more detailed allegations contained in Burk's original Complaint but not restated in the AC also cannot be deemed to be part of the case. Burk should be mindful if he opts to file a second amended complaint to be as detailed as possible about the

A private corporation such as Well Path, which is under contract to provide prison health services, may be liable under § 1983 only if that entity's policies or customs caused the alleged constitutional violation. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). For such a claim to be plausible, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

A plaintiff may also state a plausible basis for liability against an entity like Well Path by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). In the context of a contract medical provider, the provider's "failure to train or supervise must amount to a policy or custom in disregard of an obvious risk that its employees or agents would commit constitutional violations." *Ponzini v. PrimeCare Med., Inc.*, 269 F. Supp. 3d 444, 526 (M.D. Pa. 2017), *aff'd in part, vacated in part on other grounds sub nom. Ponzini v. Monroe Cnty.*, 789 F. App'x 313 (3d Cir. 2019). Only in the narrowest of circumstances can a failure to train or supervise be "said to be so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations." *Id.* (quoting *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014) (internal citation and quotation marks omitted).

Burk does not tie any of the claimed violations of his constitutional rights to a Well Path policy or custom. His claim that Well Path fails to train, supervise, or discipline its staff is conclusory. Accordingly, the AC does not state a plausible claim against Well Path. The claims

---

acts each named Defendant took that allegedly violated his rights and to include all claims he seeks to present.

against Well Path will be dismissed without prejudice and Burk will be provided an opportunity to amend this claim as well.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Burk's Amended Complaint. His claims against SCI Chester are again dismissed with prejudice. All other claims are dismissed without prejudice and with leave to file a second amended complaint. An Order of dismissal follows providing further information about filing a second amended complaint.

                                                                              **BY THE COURT:**

                                                          **/s/ Juan R. Sánchez**
                                                          **JUAN R. SÁNCHEZ, C.J.**