IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISHMAEL BURK, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-1005 |
| | : | |
| DR. LITTLE, et al. | : | |
|    Defendants. | : | |

## ORDER

AND NOW, this 23rd day of May, 2023, upon consideration of Plaintiff Ishmael Burk's Amended Complaint (ECF No. 17), Motion to Terminate Amended Complaint filed by Caleb Hollenbach (ECF No. 21), Motion to Amend the Complaint filed by Ishmael Burk, George Pickett, and Caleb Hollenbach (ECF No. 22), and Motion to Terminate the Amended Complaint filed by George Pickett (ECF No. 23), it is **ORDERED** that:

    1. Burk's Amended Complaint ECF No. 17) is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows: all claims against Defendant SCI Chester are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is **DIRECTED** to terminate SCI Chester as a Defendant.

    2. Burk's remaining claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3.  The Clerk of Court is **DIRECTED** send Burk a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

4.  Burk may file a second amended complaint within thirty (30) days in the event he can allege additional facts to state plausible claims.  Any second amended complaint shall identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint, shall state the basis for each of Burk's claims against each defendant, and shall bear the title "Second Amended Complaint" and the case number 23-1005.  **If Burk files a second amended complaint, the pleading must be a complete document that includes all of the claims he seeks to pursue**.  **Claims that are not included in the second amended complaint will not be considered part of this case.**  When drafting the second amended complaint, Burk should be mindful of the Court's reasons for dismissing the Amended Complaint as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5.  If Burk does not wish to file a second amended complaint, and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6.      If Burk fails to file any response to this Order, the Court will conclude that Burk intends to stand on his Amended Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

7.      The Motion to Terminate Amended Complaint filed by Caleb Hollenbach (ECF No. 21), the Motion to Amend the Complaint filed by Ishmael Burk, George Pickett, and Caleb Hollenbach (ECF No. 22), and the Motion to Terminate the Amended Complaint filed by George

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

4

Pickett (ECF No. 23) are **DENIED** for the reasons stated in the Court's Memorandum without prejudice to the Plaintiffs' ability to proceed in their severed cases.

**BY THE COURT:**

/s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, C.J.**