IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHMAEL BURK : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 23-1005 |
| DR. LITTLE, et. al. : | |

### MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                                 **October 19, 2023**

      Defendants Shakera Ford, Nicole Gaskins, Karema Farmer, Asia Haile, Wellpath, LLC, Paul Little, D.O., and Requitta Bellinger all move to dismiss Plaintiff Ishmael Burk's Amended Complaint for failure to state a viable claim pursuant to Federal Rule of Civil Procedure 12(b)(6). A separate 12(b)(6) motion to dismiss has also been filed by another defendant, Ms. Cotton (collectively referred to as "Defendants"). Because Burk fails to allege facts supporting his claim that his Eighth Amendment rights were violated by any of the moving defendants, the motions shall be granted and the Amended Complaint dismissed with prejudice.

**FACTUAL BACKGROUND**

      This case arises out of an injury which Burk sustained to his ankle on February 1, 2023 when he fell on a drainpipe while working in the prison kitchen at SCI Chester. Am. Compl. 5 ¶¶ IV(C), V; 13, 16, ECF No. 29. Burk avers he told his supervisor, Ms. Cotton, he was injured and asked for permission to go to the medical unit, but she denied his request and told him to keep working. *Id*.at 13, 16. Later that night, Burk "wrote a sick call notifying" of his injured ankle and

1

he was called down[1] on February 2, 2023 where he was seen by Defendant Ford, a medical assistant. *Id.* at 16. Burk contends Ford refused to examine him, told him he looked fine, and ordered him to leave the medical unit. *Id*. at 13, 16. The following day, Burk "wrote a sick call" to Defendant Dr. Little "explaining how his ankle was hurting." *Id.* at 16. He was then called down by Nurse Haile, who purportedly told him she would not be examining him or taking his vitals and dismissed him from the medical unit. *Id.*

Burk next contends that "following up" on his ankle, he was seen by Defendants Nurse Gaskin, Nurse Farmer, and Ms. Bellinger, all of whom also told him they would not examine him, or his ankle and that he was fine. *Id.* at 16-17. Burk asserts he had to continue working and the swelling denied him movement. *Id*. at 17. Burk saw Dr. Little in the hallway and told him about the ankle, but Little also refused to examine him "due to a pending lawsuit he had on his medical staff." *Id.* Finally, Burk alleges Nurse Bellinger retaliated against him by switching the psychiatric medication he takes (Zyprexa), which caused him to have depression and anxiety. *Id.* Burk notified Wellpath about its employees, but it did nothing. According to Burk, Wellpath's failure to train its employees resulted in Burk not receiving proper treatment for his ankle. *Id.* at 17-18.

Burk initially brought this action along with two other inmates against Defendants Little, Ford, Haile, and Gaskin, as well as several other individuals, alleging violations of their rights under the First, Fourth, and Eighth Amendments. Compl. ECF No. 2. On April 14, 2023, the Court severed the claims of the three inmates, dismissed the claims against all the defendants in their official capacities and against several other defendants for failure to state claims on which relief could be granted, and gave all three inmates leave to file amended complaints. Mem. April

---

[1] The Court interprets Burk's allegations that he "went down to a sick call" and "wrote a sick call notifying him of his injured ankle" to mean he was called down to the prison's medical unit on February 2, 2023 in response to his request for treatment.

2

14, 2023, ECF No. 13.  Burk filed his amended complaint on June 7, 2023.  Am. Compl. ECF No. 29.  On June 13, 2023, the Court again dismissed Burk's official capacity claims against the defendants, as they were employees of Wellpath, a private entity which was itself a defendant in the action.  Order June 13, 2023, ECF No. 30.  Burk's claims against Defendants Ford, Cotton, Bellinger, Little, Gaskin, Farmer, Haile and Wellpath in their individual capacities for violation of his Eighth Amendment rights were permitted to go forward.  *Id.*  Defendants assert Burk has failed to allege facts showing they were deliberately indifferent to his serious medical needs and have therefore filed these motions to dismiss the amended complaint with prejudice.  Motions to Dismiss, ECF No. 28, 44.

**LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss a complaint may be filed on the grounds that it "fail[s] to state a claim upon which relief can be granted."  To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In reviewing the complaint, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Pearson v. Sec'y. Dep't. of Corr.*, 775 F.3d 598, 604 (3d Cir. 2015).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Further, where the plaintiff is a pro se litigant, his pleadings are held to less stringent standards than those prepared by counsel and should be liberally construed. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This means courts are to apply the relevant legal principles even when a complaint fails to name them. *Id.* It also means courts must remain flexible, especially when dealing with imprisoned litigants. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, despite this leniency and flexibility, pro se litigants "cannot flout procedural rules" and "still must allege sufficient facts in their complaints to support a claim." *Id.* (internal citation omitted).

**DISCUSSION**

As discussed above, the Court liberally construes the allegations in Burk's amended complaint as endeavoring to make out a cause of action under 42 U.S.C. § 1983 for violating his rights under the Eighth Amendment. By itself, § 1983[2] does not protect anyone against anything; it "merely provides a mechanism for enforcing individual rights '"secured"' elsewhere, *i.e.,* rights independently 'secured by the Constitution and laws of the United States.'" *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). Hence, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show

---

[2]   §1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . .

4

that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). And a defendant in a civil rights action must have been personally involved in the wrongs alleged. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F. 3d 210, 222 (3d Cir. 2015). "The first step in evaluating a § 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Id.* (quoting, inter alia, *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1988)).

The Eighth Amendment prohibits the imposition of "cruel and unusual punishment." U.S. CONST. amend. VIII. The Supreme Court has recognized the government has an obligation to provide medical care for those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Whether "manifested by prison doctors in their response to the prisoner's need, or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed," it is only "deliberate indifference to serious medical needs of prisoners" which "constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.* at 104-105 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "'[D]eliberate indifference entails something more than mere negligence' and is a subjective standard that requires the official to both 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and to 'also draw the inference.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 538 (3d Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994)). A medical need is "serious" if it is one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the

5

need for a doctor's attention. *Monmouth Cnty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal citation and quotations omitted). Accidental or inadvertent failure to provide adequate medical care to a prisoner does not violate the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *see also Estelle*, 429 U.S. at 106 ("A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Thus, to successfully plead an Eighth Amendment violation, a plaintiff must allege: (1) that the defendants were deliberately indifferent to his medical needs; and (2) those needs were serious. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

The deliberate indifference standard has also been held to afford considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients, and the Courts generally disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotations and citation omitted). Inherent in this latitude, however, is the assumption that such an informed medical judgment has in fact been made. *Id.* But when prison authorities prevent an inmate from receiving recommended treatment for serious medical needs, deny access to a physician capable of evaluating the need for such treatment, or where denial or delay in treatment causes an inmate to suffer a life-long handicap or permanent loss, the constitutional threshold established by *Estelle* has been crossed. *Helling*, 509 U.S. at 32; *Inmates of Allegheny*, 612 F.2d at 762.

To reiterate, the gravamen of Burk's Eighth Amendment claim is that all the defendants denied him medical care and refused to treat him for a hurt, twisted ankle suffered when he fell in a drainpipe in the prison kitchen while he was working. Am. Compl. 5, ¶ V; Def.'s Brief in Support

Mot. to Dismiss, Exs. 2 – 8, ECF No. 38-3. Burk does not allege how long his ankle injury took to heal and there is nothing in Burk's pleadings or in the grievances which he filed to suggest his injury was anything other than a temporary sprain. While his sprain was undoubtedly painful, in the absence of any allegations or evidence to suggest it was otherwise debilitating or permanent, Burk has failed to state a claim that the denial of medical care for it violated his rights under the Eighth Amendment. As multiple other courts in this Circuit and elsewhere have found, a sprained ankle does not rise to the level of a serious medical need. *See e.g., Mack-Tansmore v. Jones*, Civ. No. 20-0689, 2022 U.S. Dist. LEXIS 14728 (E.D. Pa. Jan. 26, 2022) (granting summary judgment on prisoner's Eighth Amendment claim that prison staff was deliberately indifferent to his need for bottom bunk when he injured his ankle playing basketball); *Breeland v. Wanda W.*, Civ. No. 17-281, 2020 U.S. Dist. LEXIS 7840 (W.D. Pa. Jan. 15, 2020) (holding prisoner's second amended complaint did not allege facts upon which the court could infer he presented a serious medical need following ankle injury); *Spillman v. Kollman*, Civ. No. 18-1568, 2019 U.S. Dist. LEXIS 173612 at *9 (M.D. Pa. Oct. 7, 2019) (finding the "plaintiff's 'ankle sprain does not rise to the level of a serious medical need, and thus he has not met the objective component necessary to establish a violation of the Eighth Amendment'"); *Bacon v. Harder*, 248 F. App'x 759 (7th Cir. 2007) (finding "Bacon's ankle sprain did not constitute a serious medical need"). Accordingly, the Defendants' motions to dismiss are granted with prejudice.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
_____
Juan R. Sánchez,    C.J.